# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF KENTUCKY
# LOUISVILLE DIVISION

**PAUL HARRISON MAYS, JR.**                                           **PLAINTIFF**

**v.**                                          **CIVIL ACTION NO. 3:17-CV-P290-JHM**

**KENTUCKY DEP'T OF CORR. et al.**                              **DEFENDANTS**

## MEMORANDUM OPINION AND ORDER

Plaintiff Paul Harrison Mays, Jr., a prisoner presently incarcerated at Little Sandy Correctional Complex (LSCC), originally filed this *pro se* complaint pursuant to 42 U.S.C. § 1983 in the Eastern District of Kentucky (DN 1). Subsequently, the Eastern District of Kentucky transferred this action to the Western District of Kentucky (DN 4). There were deficiencies with the filing of the complaint. Thus, this Court entered an Order on September 22, 2017 (DN 10), in which it ordered Plaintiff to remedy the deficiencies. Plaintiff was ordered, in part, to file his action on the Court-approved form for filing an action pursuant to 42 U.S.C. § 1983. The Court further informed Plaintiff that "the amended complaint will superseded/replace the originally filed complaint and will be the document upon which the Court will perform its initial review under 28 U.S.C. § 1915A." Plaintiff was further "cautioned to include any claims he wishes to bring before this Court in the new amended complaint."

After seeking and being granted an extension of time to respond to the Court's September 22, 2017, Order, Plaintiff filed an amended complaint (DN 16). The amended complaint (DN 16) is before the Court for initial review pursuant to 28 U.S.C. § 1915A and *McGore v. Wrigglesworth*, 114 F.3d 601, 608 (6th Cir. 1997), *overruled on other grounds by Jones v. Bock*, 549 U.S. 199 (2007). For the reasons that follow, the Court will allow the Fourteenth Amendment claims against Defendants West, Rodriguez, Mason, Herndon, Stewart,

Strang, and Saager in their individual capacities for monetary damages to proceed. The other claims and Defendants will be dismissed from this action.

## I. SUMMARY OF CLAIMS

Plaintiff identifies the following twelve Defendants in this action: (1) The Kentucky Department of Corrections (KDOC); (2) Webb Strang, Interim Warden at Luther Luckett Correctional Complex (LLCC); (3) Randy Saager, an employee of Cordant Health Solutions; (4) Jose A. Rodriguez, Jr., an Internal Affairs Lieutenant at LLCC; (5) Scott Stewart, a Captain at LLCC; (6) David Herndon, a Correctional Officer at LLCC; (7) Amanda L. Mason, a Sergeant at LLCC; (8) Franklin West, a monitor at Dismas Charities, Portland; (9) Cordant Health Solutions, a urinalysis laboratory; (10) Sterling Reference Labs, a urinalysis laboratory; (11) Secon Drug Screening Co., a urinalysis laboratory; and (12) Dismas Charities Portland (Dismas Charities), a halfway house located in Louisville, Kentucky. Plaintiff states that he sues all Defendants in their official and individual capacities. Plaintiff seeks monetary damages and injunctive relief in the form of "[f]ixing policies."

Plaintiff alleges that on January 5, 2016, while he was housed at Defendant Dismas Charities, he was subjected to a urinalysis (DN 1, pp. 3-5).[1] According to Plaintiff's amended complaint, Defendant West obtained the urine specimen but did so in an incorrect manner. Plaintiff states that Defendant West did not identify Plaintiff by "proper ID," did not check the temperature range of the urine specimen, and misspelled Plaintiff's name. The urine specimen was sent to Defendants Cordant Health Solutions and Sterling Reference Labs for testing (DN 1-10, p. 17; DN 1-5, p. 2). The specimen results showed that Plaintiff tested positive for

---

[1] In his amended complaint, Plaintiff fails to include the facts underlying his allegations. Thus, the Court will refer to the prior exhibits and documents to fill in the underlying facts.

Methamphetamine and Morphine (DN 1-2, pp. 1-2; DN 1-3; DN 1-5, p. 2). Plaintiff was thereafter transferred to LLCC where the positive test results were entered into the Kentucky Offender Management System (DN 1-3, p. 1; DN 1-7, p. 2). Plaintiff was charged with unauthorized use of drugs or intoxicants. An adjustment hearing was conducted on April 20, 2016, and Defendant Herndon found Plaintiff guilty of two charges of Unauthorized Use of Drugs or Intoxicants (DN 1-6). Plaintiff was issued a penalty of 60 days loss of good time credits for each charge. Plaintiff challenged the guilty findings administratively, but the findings of guilt were upheld by Defendant Strang (DN 1-2, p. 2).

Thereafter, Plaintiff filed a motion for a declaratory judgment in Oldham Circuit Court (DN 1-10). The Oldham Circuit Court found that Plaintiff's petition was "well taken" and granted "the relief sought which is restoration of good time and expungement of the [Plaintiff's] record in regard to the positive urine tests collected from Dismas Charities which are the subject of his disciplinary proceeding and appeal" (DN 1-10, p. 2). That Court explained its concern with the chain of custody of the urine specimen as follows:

> The urine sample indicates that it was initially tested on January 7 and confirmation test was conducted January 8. However the internal chain of custody indicates that the aliquot process was performed January 14, 2016 which is of concern since the specimen could not have been divided after the tests were performed. As a result of this anomaly, the Department of Corrections contacted Cordant Health Solutions and on February 1, 2017 (over a year later) the laboratory faxed a corrected chain of custody showing the aliquot was performed on January 7, 2016. . . . The Court must agree with the [Plaintiff] in this case. There is absolutely no explanation for the error and the Court is unwilling to accept the facts without any explanation whatsoever as to the seemingly incorrect chain of custody.

(DN 1-10, p. 1). According to Plaintiff, the Oldham Circuit Court decision was not appealed (DN 17).

In his amended complaint, Plaintiff asserts that Defendant Rodriguez ignored Defendant West's mistakes "as well as unreliable evidence of Cordant, Sterling and Secon and investigated and charged me with write-up." Plaintiff contends that Defendant Mason "also ignored unreliable evidence and sent write-up to court call." According to Plaintiff, Defendant Herndon "ignored unreliable evidence and took my good time and other priveledges as court call officer." Plaintiff states that Defendant Stewart "ignored unreliable evidence and signed off as supervisor on court call evidence." According to Plaintiff, Defendant Strang "ignored unreliable evidence and upheld wrongful conviction as Warden at LLCC." Defendant Saager, according to Plaintiff, "ignored the unreliable evidence and incorrect Chain of Custody and also facilitated the delivery by fax of what was described as 'Corrected COC forms' to Angela E. Cordery when in fact the 'corrected' forms were still incorrect and unreliable." Further, Plaintiff states that "[t]he entire integrity of a chain of custody is compromised if it can be changed later to suit." As to Defendants Kentucky Department of Corrections, Cordant Health Solutions, Sterling Reference Labs, Secon Drug Screening Company, and Dismas Charities, Plaintiff asserts that they "oversaw and employ[] at least one of each of the defendants in their official capacity."

Plaintiff fails to state in his amended complaint what rights he alleges have been violated. However, in his original complaint, Plaintiff asserted claims under "U.S. 4th; 14th, § 1; Ky Const. § 10; CPP 15.8."

## II. STANDARD OF REVIEW

Because Plaintiff is a prisoner seeking relief against governmental entities, officers, and/or employees, this Court must review the instant action under 28 U.S.C. § 1915A. Under § 1915A, the trial court must review the complaint and dismiss the complaint, or any portion of the complaint, if the court determines that it is frivolous or malicious, fails to state a claim upon
`4`

which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* § 1915A(b)(1), (2); *McGore v. Wrigglesworth*, 114 F.3d at 608.

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). The trial court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. *Id.* at 327. In order to survive dismissal for failure to state a claim, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).

"[A] district court must (1) view the complaint in the light most favorable to the plaintiff and (2) take all well-pleaded factual allegations as true." *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). "But the district court need not accept a 'bare assertion of legal conclusions.'" *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d at 488 (quoting *Columbia Nat. Res., Inc. v. Tatum*, 58 F.3d 1101, 1109 (6th Cir. 1995)). The court's duty "does not require [it] to conjure up unpled allegations," *McDonald v. Hall*, 610 F.2d 16, 19 (1st Cir. 1979), or to create a claim for a plaintiff. *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975). To command otherwise would require the Court "to explore exhaustively all potential claims of a *pro se* plaintiff, [and] would also transform the district court from its legitimate advisory role to the improper role of an advocate seeking out the strongest arguments and most successful strategies for a party." *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985).

## III. ANALYSIS

### A. The KDOC

Title 42 of the United States Code, Section 1983 creates no substantive rights, but merely provides remedies for deprivations of rights established elsewhere. As such, it has two basic requirements: (1) the deprivation of federal statutory or constitutional rights by (2) a *person* acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Flint v. Ky. Dep't of Corr.*, 270 F.3d 340, 351 (6th Cir. 2001). The KDOC is a department within the Justice and Public Safety Cabinet of the Commonwealth of Kentucky. *See* Exec. Order No. 2004-730 (July 9, 2004); Ky. Rev. Stat. § 12.250. A state and its agencies, however, are not "persons" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989); *see also Crockett v. Turney Ctr. Indus. Prison*, No. 96-6067, 1997 WL 436563, at *1 (6th Cir. Aug. 1, 1997) ("A state agency is not considered a 'person' subject to suit under 42 U.S.C. § 1983."). Because the KDOC is not a "person" under § 1983, the Court will dismiss the claims against the KDOC.

Additionally, the Eleventh Amendment[2] acts as a bar to all claims for relief against the KDOC. A state and its agencies, such as the KDOC, may not be sued in federal court, regardless of the relief sought, unless the state has waived its sovereign immunity under the Eleventh Amendment or Congress has overridden it. *Puerto Rico Aqueduct & Sewer Auth. v. Metcalf & Eddy, Inc.*, 506 U.S. 139, 144-46 (1993); *Pennhurst State Sch. & Hosp. v. Halderman*,

---

[2]"The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. "While the Amendment by its terms does not bar suits against a State by its own citizens, [the Supreme Court] has consistently held that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State." *Edelman v. Jordan*, 415 U.S. 651, 662-63 (1974).

465 U.S. 89, 119-24 (1984); *Alabama v. Pugh*, 438 U.S. 78l, 781-82 (l978). In enacting § l983, Congress did not intend to override the traditional sovereign immunity of the states. *Whittington v. Milby*, 928 F.2d l88, 193-94 (6th Cir. 1991) (citing *Quern v. Jordan*, 440 U.S. 332, 341 (l979)). "[T]he Eleventh Amendment is a true jurisdictional bar" to such claims. *Russell v. Lundergan-Grimes*, 784 F.3d 1037, 1046 (6th Cir. 2015).

Accordingly, the Court will dismiss the KDOC and all claims against the KDOC.

**B. Official-Capacity Claims for Damages against the State Employee Defendants**

Plaintiff has named five employees of LLCC as Defendants in this case and sued them in their official capacity. These five Defendants are Defendants Strang, Rodriquez, Stewart, Herndon, and Mason. The official-capacity claims for monetary damages against these Defendants will be dismissed on two bases. First, Defendants, as state officials and employees sued in their official capacity for damages, are absolutely immune from § 1983 liability under the Eleventh Amendment to the United States Constitution. *See Kentucky v. Graham*, 473 U.S. 159, 169 (1985) ("This [Eleventh Amendment] bar remains in effect when State officials are sued for damages in their official capacity."). Second, these Defendants are not "persons" subject to suit within the meaning of § 1983 when sued in their official capacity for monetary damages. *Will v. Mich. Dep't of State Police*, 491 U.S. at 71 (concluding that a state, its agencies, and its officials sued in their official capacities for monetary damages are not considered persons for the purpose of a § 1983 claim).

Consequently, the § 1983 official-capacity claims for monetary damages against Defendants Strang, Rodriguez, Stewart, Herndon and Mason will be dismissed.

7

## C. Injunctive Relief

In this action, Plaintiff also seeks injunctive relief. Specifically, he requests "[f]ixing policies." The incident about which he complains occurred at Dismas Charities and LLCC. Plaintiff is no longer incarcerated at either location, but indicates he is now incarcerated at LSCC. Since Plaintiff is no longer incarcerated at Dismas Charities or LLCC, his request for injunctive relief is moot. *Dellis v. Corr. Corp. of Am.*, 257 F.3d 508, 510 n.1 (6th Cir. 2001); *Wilson v. Yaklich*, 148 F.3d 596, 601 (6th Cir. 1998); *Kensu v. Haigh*, 87 F.3d 172, 175 (6th Cir. 1996); *Higgason v. Farley*, 83 F.3d 807, 811 (7th Cir. 1996).

Therefore, the official-capacity claim for injunctive relief will be dismissed for failure to state a claim upon which relief may be granted.

## D. Official-Capacity Claims Against Private Corporate Defendants and Their Employees

Plaintiff has sued four private companies, Dismas Charities, Cordant Health Solutions, Sterling Reference Labs, and Secon Drug Screening Company. He has also sued two employees of these companies, Defendants Saager and West in their official capacities. "Official-capacity suits . . . 'generally represent [] another way of pleading an action against an entity of which an officer is an agent.'" *Kentucky v. Graham*, 473 U.S. at 165 (quoting *Monell v. Dep't of Soc. Servs. of N.Y.*, 436 U.S. 658, 690 n.55 (1978)). Suing Defendant Saager, an employee of Cordant Health Solutions, and Defendant West, an employee of Dismas Charities, in their official capacities is the equivalent of suing their employers, Cordant Health Solutions and Dismas Charities. *See Lambert v. Hartman*, 517 F.3d 433, 439-40 (6th Cir. 2008) (stating that civil rights suit against county clerk of courts in his official capacity was equivalent of suing clerk's employer, the county).

When a § 1983 claim is made against a municipality, this Court must analyze two distinct issues: (1) whether Plaintiff's harm was caused by a constitutional violation; and (2) if so, whether the municipality is responsible for that violation. *Collins v. City of Harker Heights, Tex.*, 503 U.S. 115, 120 (1992). The same municipal-liability analysis applies to § 1983 claims against private corporations like Defendants Dismas Charities, Cordant Health Solutions, Sterling Reference Labs, and Secon Drug Screening Company. *See Street v. Corr. Corp. of Am.*, 102 F.3d 810, 818 (6th Cir. 1996) ("'*Monell* involved a municipal corporation, but every circuit to consider the issue has extended the holding to private corporations as well.'") (quoting *Harvey v. Harvey*, 949 F. 2d 1127, 1129 (11th Cir. 1992)). Liability must be based on a policy or custom of the contracted private entity or "the inadequacy of [an employee's] training." *Id.* at 817; *Starcher v. Corr. Med. Sys., Inc.*, 7 F. App'x 459, 465 (6th Cir. 2001) ("CMS's [Correctional Medical Systems, Inc.,] liability must also be premised on some policy that caused a deprivation of [plaintiff's] Eighth Amendment rights.").

Plaintiff has not alleged that any policy or custom of any of the named private Defendants caused his alleged harm. Further, he has not alleged that any inadequacy of their employees' training caused his alleged harm. Plaintiff's complaint appears to contain allegations of isolated occurrences affecting only Plaintiff. *See Fox v. Van Oosterum*, 176 F.3d 342, 348 (6th Cir. 1999) ("No evidence indicates that this was anything more than a one-time, isolated event for which the county is not responsible."). As nothing in the complaint demonstrates that any purported wrongdoing occurred as a result of a policy or custom implemented or endorsed by Defendants Dismas Charities, Cordant Health Solutions, Sterling Reference Labs, and Secon Drug Screening Company, the complaint fails to establish a basis of liability against these entities, and it fails to state a cognizable § 1983 claim as to them.

Accordingly, Dismas Charities, Cordant Health Solutions, Sterling Reference Labs, Secon Drug Screening Company, and the official-capacity claims against their employees, Defendants Saager and West, will be dismissed from this action.

### E. Violation of KDOC Corrections Policies and Procedures 15.8

Plaintiff asserts a claim under Corrections Policies and Procedures 15.8. To the extent that Plaintiff cites administrative procedures, even were there violations of those administrative procedures, such does not give rise to a § 1983 complaint. A state employee's "failure to follow KDOC policy does not state a valid constitutional claim." *Wiley v. Ky. Dep't of Corr.*, No. CIV. A. 11-97-HRW, 2012 WL 5878678, at *12 (E.D. Ky. Nov. 21, 2012); *Higgs v. Sanford*, No. 5:07CV-P77-R, 2010 WL 1959530, at *4 (W.D. Ky. May 17, 2010); *see also Smith v. City of Salem, Ohio*, 378 F.3d 566, 578 (6th Cir. 2004) ("[S]tate law, by itself, cannot be the basis for a federal constitutional violation.").

Accordingly, the claim for violation of Corrections Policies and Procedures 15.8 will be dismissed.

### F. Fourth Amendment United States Constitutional Claim and the Claim under the Kentucky Constitution, Section 10

Plaintiff brings claims under the Fourth Amendment of the United States Constitution and Section 10 of the Kentucky Constitution. Both provisions protect against unlawful search and seizure. However, Plaintiff sets forth no allegations to support such claims. "Although drug tests constitute searches within the ambit of Fourth Amendment protection, drug tests conducted under a prison policy of randomized testing pass Fourth Amendment scrutiny because they are rationally related to legitimate government interests. Non-random searches are constitutional if they are reasonable." *Evans v. Vinson*, 427 F. App'x 437, 443-44 (6th Cir.

2011) (citations omitted); *see also Petitioner F v. Brown*, 306 S.W.3d 80, 87 (Ky. 2010) ("The collection and analysis of biological samples constitutes a search under the Fourth Amendment. Therefore, the question is whether the search is reasonable.") (citations omitted).

Plaintiff does not state any allegation as to how the collection of his urine specimen was in any way unlawful or violative of these constitutional provisions. He does not assert that he was unreasonably tested, that Defendants lacked authority to obtain the urine sample from him, or that he was subjected to random testing that was not really random. All of Plaintiff's allegations involve the handling, processing, and use of the urine results after the sample was obtained.

Accordingly, the claim under the Fourth Amendment of the United States Constitution and the claim under the Kentucky Constitution, Section 10 will both be dismissed.

### G. Fourteenth Amendment Individual-Capacity Claims

Plaintiff brings due process claims under the Fourteenth Amendment against Defendants West, Rodriguez, Mason, Herndon, Stewart, Strang, and Saager in their individual capacities for their part in the handling and processing of the urine specimen used to support the disciplinary charges against him.

Upon consideration, the Court will allow the Fourteenth Amendment claims to proceed against Defendants West, Rodriguez, Mason, Herndon, Stewart, Strang, and Saager in their individual capacities for monetary damages.[3]

---

[3] The Court is aware that there may be issues as to whether such claims may be brought against Defendants West and Saager as employees of private entities. However, at this stage of the proceedings, this Court must construe the complaint in a light most favorable to the plaintiff and accept all of the factual allegations as true. *Prater v. City of Burnside, Ky.*, 289 F.3d 417, 424 (6th Cir. 2002). Furthermore, these are issues best fleshed out by the parties either through motion and/or discovery.

## IV. CONCLUSION AND ORDER

For the reasons set forth more fully above, and the Court being otherwise sufficiently advised, **IT IS ORDERED** as follows:

(1) That the KDOC and the claims against it are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) since Plaintiff fails to state a claim upon which relief may be granted as to this Defendant and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief from a Defendant who is immune from such relief;

(2) That the official-capacity claims for monetary damages against Defendants Strang, Rodriguez, Stewart, Herndon and Mason are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) since Plaintiff fails to state a claim upon which relief may be granted as to these Defendants and pursuant to 28 U.S.C. § 1915A(b)(2) since Plaintiff seeks monetary relief from Defendants who are immune from such relief;

(3) That the claim for injunctive relief is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(4) That the claims against Defendants Dismas Charities, Cordant Health Solutions, Sterling Reference Labs, Secon Drug Screening Company, and the official-capacity claims against Defendants Saager and West are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted;

(5) That the claim for violation of Corrections Policies and Procedures 15.8 is **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted; and

(6) That the claim under the Fourth Amendment of the United States Constitution and the claim under the Kentucky Constitution, Section 10 are **DISMISSED** pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim upon which relief may be granted.

The **Clerk of Court** is **DIRECTED** to terminate the KDOC, Dismas Charities, Cordant Health Solutions, Sterling Reference Labs, and Secon Drug Screening Company as Defendants in this action.

**IT IS FURTHER ORDERED** that the Fourteenth Amendment claims against Defendants West, Rodriguez, Mason, Herndon, Stewart, Strang, and Saager in their individual capacities for monetary damages shall proceed.

The Court will enter a separate Order Regarding Service and Scheduling Order governing the development of the continuing claims. In permitting these claims to continue, the Court passes no judgment on the merit and ultimate outcome of the action.

Date: November 22, 2017

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: Plaintiff, *pro se*
    Defendants
4414.003